|  |  |
|---|---|
| GS HOLISTIC, LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>MORAD NASHER, *et al*.,<br><br>            Defendants. | Case No.  1:23-cv-00285-KJM-JDP<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED IN PART AND DENIED IN PART<br><br>ECF No. 20<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

    Plaintiff GS Holistic LLC commenced this trademark infringement action, alleging that defendants used its registered marks to sell competing electronic cigarette products without plaintiff's permission.  Defendants Morad Nasher and City Stars Smoke Shope have not appeared, and default has been entered against them.  ECF No. 17.  Plaintiff has moved for default judgment, ECF No. 20, and this motion was before the court for hearing on November 16, 2023.  I recommend that plaintiff's motion be granted in part and denied in part.

**Background**

    The first amended complaint alleges that since 2020, plaintiff has marketed and sold glass infusers and related accessories.  ECF No. 13 ¶ 8.  Plaintiff is the owner of the "Stüdenglass" trademark and two other related trademarks—U.S. Trademark Registration Numbers 6,633,884;

1 | 6,174,292; and 6,174,291 ("marks")—which have been used in connection with the
2 | manufacturing and sale of plaintiff's products. *Id*. ¶¶ 11-13. Plaintiff has continuously used the
3 | marks since 2020, and goods bearing the distinct marks are widely recognized as superior to
4 | competing products. *Id*. ¶¶ 14-15. Defendants have, without plaintiff's consent, sold counterfeit
5 | products bearing one or more of plaintiff's marks. *Id*. ¶¶ 25-52. Based on these allegations,
6 | plaintiff alleges two claims under the Lanham Act: (1) counterfeiting and infringement under
7 | trademark, 15 U.S.C. § 1114; and (2) false designation of origin and unfair competition, 15
8 | U.S.C. § 1125(a). *Id*. at 13-16.

9 | On July 1, 2023, defendants were personally served with a summons and a copy of the
10 | complaint. ECF No. 16 at 2-3. After defendants did not appear, the Clerk of Court entered their
11 | default. ECF No. 17. Plaintiff has filed a motion for default judgment against defendants. ECF
12 | No. 20.

13 | At the hearing, I expressed some concerns with plaintiff's motion. First, the complaint
14 | sued defendant Nasher twice, both as an individual and as *doing business as* City Stars Smoke
15 | Shop. Second, the proofs of service did not specify whether the initial or amended complaint was
16 | served on defendants. Finally, the requested damages appeared to be unsupported by the
17 | allegations in the amended complaint. In response to these concerns, plaintiff submitted
18 | supplemental briefing on December 15, 2023. ECF No. 26.

**Legal Standard**

Under Federal Rule of Civil Procedure 55, default may be entered against a party who fails to plead or otherwise defend against an action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Rather, the decision to grant or deny a motion for default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising that discretion, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a

>dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

Generally, once default is entered "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

**Discussion**

A.    Duplicative Defendants

Plaintiff asserts the same claims against both Nasher and Nasher *doing business as* City Stars Smoke Shop. However, since City Stars Smoke Shop is a sole proprietorship operated by Nasher, it is legally indistinguishable from him. *See G&G Closed Circuit Events, LLC v. Marin*, No. 3:20-cv-01171-JR, 2021 WL 2277834, at * 4 (D. Or. May 7, 2021) (finding that because no separate legal entity is created with a sole proprietorship, the individual remains personally responsible for the business's liabilities). Therefore, plaintiff's claims against Nasher *doing business as* City Stars Smoke Shop are duplicative of his claims against Nasher as an individual. Accordingly, plaintiff's motion for default judgment against defendant Nasher *doing business as* City Stars Smoke Shop should be denied.

B.    Appropriateness of the Entry of Default Judgment Under the *Eitel* Factors

Factors two and three—the merits of plaintiff's substantive claims and the sufficiency of the complaint—are related and best discussed together. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1175.

3

To state a trademark infringement claim under the Lanham Act, a plaintiff must allege "(1) that [the plaintiff] has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion."[1] *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012). "Registration of a mark is prima facie evidence of the validity of the mark, the registrant's ownership of the mark, and the registrant's exclusive right to use the mark in connection with the goods specified in the registration." *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014). In assessing the likelihood of consumer confusion, courts consider the following eight factors: "(1) strength of the protected mark; (2) proximity and relatedness of the goods; (3) type of goods and the degree of consumer care; (4) similarity of the protected mark and the allegedly infringing mark; (5) marketing channel convergence; (6) evidence of actual consumer confusion; (7) defendant's intent in selecting the allegedly infringing mark; and (8) likelihood of product expansion." *Id*. at 1125. "[A] plaintiff need not satisfy every factor, provided that strong showings are made with respect to some of them." *Id*. at 1126.

Here, plaintiff alleges that it is the owner of the three Stüdenglass marks, which are associated with the sale of plaintiff's glass infusers and related accessories. ECF No. 13 ¶¶ 9-11. The marks are distinct, have been used continuously since 2020, and are "widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from" plaintiff. *Id*. ¶¶ 13-15. Without plaintiff's consent, defendants have sold, and continue to sell, counterfeit products using imitations of one or more of plaintiff's marks. *Id*. ¶¶ 26-27. These imitating marks are identical to, or substantially indistinguishable from, plaintiff's marks. *Id*. ¶ 28. These allegations are sufficient to state claims for trademark infringement and false designation and unfair competition.

---

[1] I will address plaintiff's claims together since the same standard applies for demonstrating trademark infringement and false designation and unfair competition under the Lanham Act. *See, e.g.*, *Sebastian Intern., Inc. v. Longs Drug Stores Corp.*, 53 F.3d 1073, 1074 (9th Cir. 1995); *Grey v. Campbell Soup Co.*, 650 F. Supp. 1166, 1173 (C.D. Cal. 1986) ("The tests for infringement of a federally registered mark under § 32(1), 15 U.S.C. § 1114(1), infringement of a common law trademark, unfair competition under § 43(a), 15 U.S.C. § 1125(a), and common law unfair competition involving trademarks are the same.").

The remaining *Eitel* factors also weigh in favor of default judgment. Defendants were properly served, *see* ECF Nos. 4 & 6, but have not responded. Thus, it appears that their default was not entered due to excusable neglect. Plaintiff seeks statutory damages, and when accepting plaintiff's allegations as true, there is little possibility of a dispute concerning material facts. *See Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."). Additionally, because defendants have not appeared in this action, plaintiff has no recourse for obtaining relief absent default judgment. Finally, although decisions on the merits are favored, such a decision is impossible where the defendant declines to take part in the action. *See Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1093 (N.D. Cal. 2008). Accordingly, plaintiff is entitled to default judgment on its claims.

### C. Requested Relief

Plaintiff seeks $1,276 in costs, $150,000 in statutory damages, and injunctive relief. ECF No. 20 at 13-17.

#### 1. Costs

Plaintiff's requests for costs breaks down to $402 for the court's filing fee, $325 for completing service, and $549 for investigation fees. ECF No. 20-3 ¶ 6. Curiously, plaintiff claims that he spent $325 in process server fees, yet the three proofs of service reflect that service costs were $65 each. ECF Nos. 4, 14, & 15. Moreover, plaintiff's request necessarily includes the fees associated with serving both defendant Nasher and defendant Nasher *doing business as* City Stars Smoke Shop. But because these defendants are indistinguishable, effectuating service on both named defendants was duplicative and unnecessary. Finally, plaintiff's request for investigation fees should be denied because 15 U.S.C. § 1117(a) does not allow for costs incurred before an action is filed. *See GS Holistic, LLC v. MSA-Bossy Inc.*, No. 22-CV-07638-JSC, 2023 WL 3604322, at *6 (N.D. Cal. May 22, 2023) (denying the plaintiff's request for investigation fees because "[t]he plain language of 'the costs of the action,' 15 U.S.C. § 1117(a), is limited to costs incurred after 'the action'—the court case—has begun"); 15 U.S.C. § 1117(a).

5

For these reasons, plaintiff's request for costs should be denied without prejudice. Pursuant to Local Rule 292, plaintiff may make a renewed request for costs after judgment has been entered.[2]

### 2. Damages

Under the Lanham Act, a plaintiff may elect to recover statutory damages instead of actual damages in cases involving the use of a counterfeit mark. A plaintiff may elect to recover not more than $2,000,000 per counterfeit mark so long as the court determines "that the use of the counterfeit mark was willful." 15 U.S.C. § 1117(c)(2). "The district court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *L.A. News Service v. Reuters Television Intern., Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998); *see also Peer Intern. Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990) ("The court is guided by what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like.").

In assessing the appropriate amount of statutory damages, courts have considered:

> (1) the expenses saved and the profits reaped by the defendant;
> (2) the revenues lost by the plaintiff; (3) the value of the copyright;
> (4) the deterrent effect on others besides the defendant; (5) whether
> the defendant's conduct was innocent or willful; (6) whether a
> defendant has cooperated in providing particular records from
> which to assess the value of the infringing material produced; and
> (7) the potential for discouraging the defendant.

*Coach, Inc. v. Diva Shoes & Accessories*, No. 10-5151 SC, 2011 WL 1483436, at *6 (N.D. Cal. Apr. 19, 2011) (citing *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1237-38 (E.D. Cal. 2008)).

In support of its request for damages, plaintiff submits a declaration from its owner and chief executive officer, Christopher Folkerts. ECF No. 20-2. With respect to damages, Mr. Folkerts states that "[o]n October 20, 2022, counterfeit products bearing the Stüdenglass Trademarks registered to GS were sold by the defendant store . . . . The Store sold the fake product . . . for $485.35 when the actual sale price of the real product at retail is $599.95, which is deceptive and confusing to the buyer as the price point is almost identical." *Id.* at 2. Mr. Folkerts

---

[2] While I see no issue with plaintiff's request for the filing fee, it is best to address the total costs together.

states that his research shows that at least three out of every ten products sold is counterfeit. ECF No. 20-2 at 2. Based on that figure and his "industry knowledge," he estimates that plaintiff's 2021 sales would have been approximately $38,400,000 if the market had not been impacted by fake Stüdenglass products. *Id.* at 2-3.

Plaintiff seeks $150,000—$50,000 for infringement of each mark—in statutory damages. However, as plaintiff may be aware, the single incident of infringement at issue here does not warrant $150,000 in damages.[3] In similar situations, courts have consistently found $5,000 in damages to be appropriate. *See GS Holistic, LLC v. AA 110*, No. 2:22-cv-02034-DAD-CKD, 2024 WL 200949, at *1 (E.D. Cal. Jan. 17, 2024) (awarding $5,000 in statutory damages pursuant to 15 U.S.C. § 1117); *GS Holistic, LLC v. Seattle Smoke Shop LLC*, No. C23-5181JLR, 2023 WL 7386428, at *6 (W.D. Wash. Nov. 8, 2023) (same); *GS Holistic, LLC v. Aman Awalom*, No. 23-cv-00748-CRB, 2023 WL 7458857, at *1 (N.D. Cal. Oct. 21, 2023) (same); *GS Holistic, LLC v. Always Lit Inc.,* No. 2:22-cv-05393-SVW-MAR, 2023 WL 5504955, at *5 (C.D. Cal. July 7, 2023) (same).

Moreover, the bare-bones conclusions offered by plaintiff do not warrant the requested damages. Here, as in other cases, plaintiff cannot reasonably estimate actual damages and has only shown one sale related to a counterfeit item. To reduce the risk of a windfall, I recommend an award of $5,000 in statutory damages. *See GS Holistic, LLC v. MSA-Bossy Inc.*, No. 22-CV-07638-JSC, 2023 WL 3604322, at *6 (N.D. Cal. May 22, 2023) ("Under the circumstances, an award of $5,000 is just. . . . . It is above the statutory minimum, represents almost ten times the price of the only sale at issue, and serves a deterrent purpose while avoiding a windfall."); *GS Holistic, LLC v. Budda Maharjan*, No. 23-cv-00750-SVK, 2024 WL 1007422, at *5 (N.D. Cal. Feb. 7, 2024).

        3. <u>Injunctive Relief</u>

"Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing

---

[3] Plaintiff has filed countless cases with nearly identical allegations.

7

infringement." *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988). To obtain a permanent injunction, a "plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange*, L.L.C., 547 U.S. 388, 391 (2006). "[O]nce the plaintiff establishes a likelihood of confusion, it is ordinarily presumed that the plaintiff will suffer irreparable harm if injunctive relief is not granted." *Vision Sports, Inc. v. Melville Corp.*, 888 F.2d 609, 612 n.3 (9th Cir. 1989).

Plaintiff argues that it is entitled to injunctive relief pursuant to 15 U.S.C. § 1116, *see* ECF No. 20 at 16-17, but plaintiff has not met its burden for obtaining a permanent injunction, *see Adidas Am., Inc. v. Skechers USA, Inc.*, 890 F.3d 747, 756-57, 759-61 (9th Cir. 2018). As an initial matter, plaintiff's motion does not address any of the factors a court must consider before entering a permanent injunction. And although plaintiff is entitled to a rebuttable presumption of irreparable harm, the court must consider several factors prior to entering a permanent injunction, and these factors have not been addressed by plaintiff. *See GS Holistic, LLC v. AA 110*, No. 2:22-cv-02034-DAD-CKD, 2023 WL 8473361, at *7 (E.D. Cal. Dec. 7, 2023) (declining to recommend that a permanent injunction be entered because the plaintiff failed to address the factors a court must consider before entering a permanent injunction). Additionally, plaintiff's proposed permanent injunction seeks injunctive relief beyond what is sought in the amended complaint. The relief would extend to "[a]ssisting, aiding or attempting to assist or aid any other person or entity in performing" any of the activities prohibited by the injunction. For the foregoing reasons, I decline to recommend that a permanent injunction be entered at this time.

Finally, plaintiff seeks an order under 15 U.S.C. § 1118 requiring that "Defendants, at their cost, deliver to the Plaintiff for destruction all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of the Stündenglass Marks." ECF No. 20 at 17. I do not find that a one-time purchase of a single item with the marks warrants an order imposing the destruction of any

8

article item with the mark. Again, courts have denied this request and plaintiff has presented no new evidence warranting a departure from those rulings. *See GS Holistic, LLC, v. Iman Corp. Inc.*, No. C23-0315JLR, 2024 WL 1012896, at *7 (W.D. Wash. Mar. 8, 2024) (denying plaintiff's request for an order pursuant to 15 U.S.C. § 1118).

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion for default judgment, ECF No. 20, be granted in part and denied in part as follow:

    a. the motion be granted as to plaintiff's claims against defendant Morad Nasher;

    b. the balance of the motion be denied; and

    c. plaintiff's claims against defendant Morad Nasher *doing business as* City Stars Smoke Shop be dismissed.

2. The court enter judgment against defendant Nasher in the amount of $5,000.

3. Plaintiff's request for cost be denied without prejudice to filing a motion under Local Rules 292.

4. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 13, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE