UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC, | Case No. 1:23-cv-00285-KJM-JDP |
| Plaintiff, | |
| v. | ORDER |
| MORAD NASHER, et al., | |
| Defendants. | |

Plaintiff's motion for entry of default judgment was heard before the assigned Magistrate Judge on November 16, 2023. The matter was referred to a United States Magistrate Judge as provided by Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1).

On March 13, 2024, the magistrate judge filed findings and recommendations, which contained notice to the parties that any objections to the findings and recommendations were to be filed within fourteen days. *See generally* F&Rs, ECF No. 27. Plaintiff objects to the magistrate judge's recommendation to award $5,000 in statutory damages rather than the requested $150,000. *See* Objs. at 2–6, ECF No. 28.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis. The court writes separately only to address plaintiff's objection to the amount of statutory damages.

1

1    GS Holistic has pursued many actions like this one, which have often resulted in default
2 judgments.  Federal district courts in many states and judicial circuits have written detailed orders
3 in response to motions for default judgment in similar cases.[1]  The lion's share of these decisions,
4 however, at least those that are available on databases like Westlaw and Lexis, come from district
5 courts within the Ninth Circuit.  One issue has divided these courts: the proper amount of any
6 statutory damages.  There are two general schools of thought.  In the first, courts have awarded
7 larger damages sums, usually on the order of $50,000 per infringed mark.  These courts
8 emphasize GS Holistic's allegations of willful infringement, its allegations of widespread
9 counterfeiting and the need to effectively deter future infringement.  *See, e.g.*, *GS Holistic, LLC v.*
10 *Cali Smoke Depot LLC*, No. 22-06679, 2023 WL 4206101, at *7 (C.D. Cal. Feb. 23, 2023).
11 Courts in the second group have awarded lower awards, usually a few thousand dollars.  These
12 courts have paid closer attention to the small amount of any lost profits, the small number of
13 allegedly infringing sales—often just one transaction—and how one defendant cannot be held to
14 account for the actions of another.  *See, e.g.*, *GS Holistic, LLC v. Maharjan*, No. 23-00750,
15 2024 WL 1007422, at *5 (N.D. Cal. Feb. 7, 2024).  The Magistrate Judge in this case found the
16 reasoning of this second group more persuasive.  *See* F&Rs at 6–7.

17    GS Holistic's primary argument in objection mirrors the rationale of the district courts in
18 the first group summarized above: a large award is necessary to ensure damages are an effective
19 deterrent rather than the price of doing business.  *Compare* Objs. at 5 ("$5,000 in statutory
20 damages is neither sufficient to compensate Plaintiff for the alleged infringement nor high enough
21 to deter Defendants from future wrongful conduct.") *with, e.g.*, *Cali Smoke Depot*,
22 2023 WL 4206101, at *7 ("$150,000 in statutory damages is sufficient to compensate Plaintiff for

---

[1] *See generally, e.g.*, *GS Holistic, LLC v. Sublime Smoke & Vape LLC*, No. 23-241, 2024 WL 1316251 (E.D. Tex. Mar. 12, 2024), *report and recommendation adopted*, 2024 WL 1326032 (E.D. Tex. Mar. 27, 2024); *GS Holistic LLC v. Vilet Z LLC*, No. 23-0781, 2024 WL 113779 (E.D. Wis. Jan. 10, 2024); *GS Holistic, LLC v. Purple Haze of Seminole, LLC*, No. 22-2113, 2023 WL 3629705 (M.D. Fla. May 8, 2023), *report and recommendation adopted*, 2023 WL 3620654 (M.D. Fla. May 24, 2023); *see also GS Holistic, LLC v. Vaportoke, Inc.*, No. 23-01513, 2023 WL 6439266, at *1 (D. Colo. Sept. 27, 2023) (remarking on some defendants' "frustration with the nature of the cookie-cutter, boiler-plate nature of the many complaints, none of which contained any meaningful individualized detail").

the infringement alleged in the Complaint, and is also adequately high to deter Defendant Cali Smoke Depot from committing future wrongful conduct.").

The Magistrate Judge's findings and recommendations persuasively explain the fault in plaintiff's position before this court. A $150,000 award is hundreds of times greater than the alleged sales price. The complaint's allegations include no details to support plaintiff's extrapolations based on average profits and weekly sales over the course of the years. *See* Objs. at 5. If a particular defendant has sold many counterfeit products and will likely continue to profit handsomely from similar sales in the future, then GS Holistic could include good-faith allegations to that effect in its complaint. Or if it suspects a $5,000 award will not deter future infringing sales, it could request and obtain an injunction and seek to enforce that injunction in the future. The court will not award $150,000 on the back of a single alleged sale, a $500 price tag and a hypothesis of future harm. *See* First Am. Compl. ¶ 30. An award of $5,000—more than ten times greater than the alleged loss—will both compensate plaintiff for its loss and deter future wrongdoing.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 13, 2024, are adopted in full.
2. Plaintiff's motion for default judgment, ECF No. 20, is granted in part and denied in part as follows:
   a. the motion is granted as to plaintiff's claims against defendant Morad Nasher;
   b. the balance of the motion is denied; and
   c. plaintiff's claims against defendant Morad Nasher doing business as City Stars Smoke Shop are dismissed.
3. Judgment is entered against defendant Nasher in the amount of $5,000.
4. Plaintiff's request for costs is denied without prejudice to filing a motion under Local Rules 292.
5. The Clerk of Court is directed to close this case.

DATED: May 6, 2024.

CHIEF UNITED STATES DISTRICT JUDGE